Thomas E. ADKINS, Trustee of the Doris Garst Trust, Plaintiff,

v.

John Paul WILLIAMS a/k/a J. Paul Williams a/k/a Paul Williams, et al., Defendants.

No. C76–85K.

United States District Court, D. Wyoming.

April 4, 1977.

James L. Applegate, Hirst & Applegate, Cheyenne, Wyo., and Robert C. Hawley, Ireland, Stapleton, Pryor & Holmes, Denver, Colo., for plaintiff.

Stanley K. Hathaway and Brent R. Kunz, Hathaway, Speight & Kunz, and Claude W. Martin, Brown, Drew, Apostolos, Massey & Sullivan, and Roy Stoddard, Jr., Urbigkit, Halle, Mackey & Whitehead, Cheyenne, Wyo., for defendants.

## MEMORANDUM OPINION

KERR, District Judge.

In this diversity action plaintiff seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure. The defendants John Paul Williams, Emma C. Williams, Inexco Oil Company, and Anderson Oil Company also seek a declaratory judgment in their counterclaim.

The cause came on for hearing before the Court upon motions for summary judgment filed by the plaintiff and by defendants John Paul Williams and Emma C. Williams and defendants Inexco Oil Company and Anderson Oil Company.

At the hearing on the motions for summary judgment counsel for the parties stipulated in open court that there was no genuine issue as to any material fact and that the case could be submitted to the Court for ruling on the motions for summary judgment.

The action concerns the construction of an instrument entitled "Royalty Deed" dated April 5, 1961, and recorded in the records of Converse County, Wyoming, on April 10, 1961, in Book 341 of Minerals at page 131, conveying an interest in 1200 acres of land from John Paul Williams and Emma C. Williams to Doris Garst and Lenore J. Maurer. This instrument was one of seven instruments entitled "Royalty Deed" which John Paul Williams and Emma C. Williams (the Williamses) executed in late March and early April of 1961 covering the Williamses' lands. Each of these seven instruments named different grantees. Six of these instruments conveyed an 8% interest, but the instrument before the Court conveyed a 2% interest. Except for the different grantees, different dates of execution, and the one difference in the percentage conveyed, all seven instruments are identical.

On February 27, 1961, there had been placed of record in the records of Converse County, Wyoming, in Book 340 of Minerals at page 377, an oil and gas lease dated February 24, 1961, from John Paul Williams and Emma C. Williams, lessors, to Fred W. Thies, lessee.

The full mineral interest in the 1200 acres of the Williamses' lands was under this oil and gas lease which provided for a 12½% royalty to the landowner.

A summary of the dates of execution, dates of recordation, the names of the grantees and the percentages conveyed follows:

### OIL AND GAS LEASE

| Date Executed | Date Recorded | Lessee | Royalty to Land Owner |
|---|---|---|---|
| February 24, 1961 | February 27, 1961 | Fred W. Thies | 12½% |

ROYALTY DEEDS

| Date Executed | Date Recorded | Grantee | Percent |
|---|---|---|---|
| March 24, 1961 | March 28, 1961<br>April 10, 1961 | Fred W. Thies | 8% |
| March 24, 1961 | March 28, 1961<br>April 10, 1961 | H.P. Thies | 8% |
| April 5, 1961 | - Lost - | H.E. "Harry"<br>Alexander | 8% |
| April 5, 1961 | April 15, 1961 | Kenneth Thayer &<br>Leone B. Thayer | 8% |
| April 5, 1961 | April 29, 1961 | The B & B Royalty<br>Company | 8% |
| April 5, 1961 | April 12, 1961 | Lance Creek<br>Royalties Co. | 8% |
| April 5, 1961 | April 10, 1961 | Doris Garst &<br>Lenore J. Maurer | 2% |
| | | | 50% |

By instrument dated March 1, 1974, and recorded March 13, 1974, Doris Garst assigned her 1% interest in the Williamses' lands to Thomas E. Adkins, Trustee of the Doris Garst Trust.

The plaintiff contends that the Doris Garst Trust has a participating royalty of 1% of 100% of the proceeds realized from the sale of hydrocarbons produced from the lands. The defendants maintain that the plaintiff is only entitled to 1% of 12½% of the proceeds from such sales. The Court must determine which interpretation is correct.

It is apparent from the foregoing table that the Williamses executed all seven "royalty deeds" at approximately the same time during a two-week period in the spring of 1961. At the time the Williamses executed these seven royalty deeds, there was of record in the records of Converse County, Wyoming, an oil and gas lease from the Williamses to Fred W. Thies under which the lease benefits to the landowner were a ⅛ royalty.

■ Extrinsic evidence of the circumstances under which a deed was drawn is admissible in the resolution of a latent ambiguity. A latent ambiguity exists here. Interpretation of the seven "Royalty Deeds" which contain identical language as conveying percentages of the total proceeds received from sales of hydrocarbons rather than percentages of the ⅛ landowners royalty results in an attempt to transfer more than the actual interest owned by the Williamses at the time. A deed which purports to convey a greater interest than the grantor owns, will pass only such interest as the grantor does own at the time he executes the deed. *Rue v. Merrill*, 42 Wyo. 511, 297 P. 379 (1931); *Balch v. Arnold*, 9 Wyo. 17, 59 P. 434 (1899).

■ The grantee can acquire nothing more than the grantor owns at the time the grantor executes the deed, and this is particularly so where the interest of the grantor appears of record. 26 C.J.S. Deeds § 104b, p. 898; 23 Am.Jur.2d, Deeds, § 289, p. 320.

■ If the instruments are read as conveying percentages of the landowners royalty, no conflict under the above legal principles arises. Under this interpretation the Williamses conveyed away 50% of what they owned at the time they executed these

"Royalty Deeds," which is 50% of the ⅛ landowner's royalty. The "Royalty Deed" from the Williamses to Doris Garst and Lenore J. Maurer would convey 2% of 12½% of 100%. The assignment from Doris Garst to Thomas E. Adkins, Trustee of the Doris Garst Trust would thus convey 1% of 12½% of 100%. It is this construction which is adopted by the Court. It is a logical reading of the term of the "Royalty Deeds" and produces a realistic and workable result.

An order will be entered in accordance with this opinion.